UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THELMA MASON,<br><br>            Plaintiff,<br><br>      v.<br><br>CAMDEN COUNTY CORRECT FACILITY,<br><br>            Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-06279 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Thelma Mason, Plaintiff Pro Se
1234 Decatur St.
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

1.   Before the Court is an amended civil rights complaint submitted by Plaintiff Thelma Mason against the Camden County Correctional Facility ("CCCF"). Amended Complaint, Docket Entry 6.

2.   The Court dismissed Plaintiff's original complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff had not named a defendant. *See* Opinion, Docket Entry 4 ¶ 5. The Court granted leave to amend in order to allow Plaintiff to name specific state actors who were personally involved in the alleged unconstitutional conditions of confinement. *Id.* ¶ 6.

3. The Court further advised Plaintiff that an amended complaint would have to allege "sufficient factual matter" to support a reasonable inference that her claim was facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Specifically, the complaint would have to plead sufficient facts supporting a reasonable inference that the conditions of Plaintiff's confinement either violated the cruel and unusual provision of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment. Opinion ¶¶ 7-9.

4. The amended complaint does not address the deficiencies noted by the Court. It names the CCCF as the sole defendant; however, the CCCF is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, No. 16-3412, 2016 WL 6134846 (3d Cir. Oct. 21, 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). As such, the claims against it must be dismissed with prejudice.

5. The amended complaint states: "I was set on the floor for one month on a block they was [illegible] me and I was under the bed." This does not state a claim for relief under either the Eighth or Fourteenth Amendment as set forth in this Court's prior opinion. The complaint must therefore be dismissed for failure to state a claim.

6.      Plaintiff may be able to amend the complaint to address the deficiencies noted by the Court, however. To that end, the Court shall grant Plaintiff one final chance to amend the complaint within 30 days of the date of this order.[1]

7.      For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files a second amended complaint within the time allotted by the Court.

8.      An appropriate order follows.


**November 16, 2016**         **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              Chief U.S. District Judge


---

[1] The second amended complaint shall be subject to screening prior to service.