# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

THELMA MASON,

                Plaintiff,

     v.

CAMDEN COUNTY CORRECTIONAL
FACILITY,

                Defendant.

HONORABLE JEROME B. SIMANDLE


Civil Action
No. 16-cv-06279 (JBS-AMD)

**OPINION**

APPEARANCES

Thelma Mason, Plaintiff Pro Se
1234 Decatur Street
Camden, NJ 08104

**SIMANDLE, District Judge:**

1.  By Complaint dated September 20, 2016, Plaintiff Thelma Mason presumably sought to bring a civil rights action pursuant to 42 U.S.C. § 1983, however, Plaintiff did not list a defendant. Complaint, Docket Entry 1 ("Original Complaint"), § III(A). Plaintiff elected to file an Amended Complaint dated November 9, 2016. The Amended Complaint stated in its entirety: "I was set on the floor for one month on a block they was [illegible] me and I was under the bed." Amended Complaint § III(A), Docket Entry 6 ("Amended Complaint"),

2.  The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77, requires a court to review complaints prior to service in cases in which a

1

plaintiff is proceeding *in forma pauperis*. 28 U.S.C. §
1915(e)(2). The Court must sua sponte dismiss any claim that is
frivolous, is malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief from a defendant
who is immune from such relief. This action is subject to sua
sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B)
because Plaintiff is proceeding *in forma pauperis*.

3.     In accordance with these directives of the PLRA, this
Court undertook the requisite screening of the Amended Complaint
and, by Order dated November 16, 2017 (Docket Entry 8
("Dismissal Order")) dismissed without prejudice Plaintiff's
claims alleging constitutional violations as to conditions of
confinement.

4.     The November 16, 2017 dismissal of Plaintiff's
conditions of confinement claim was without prejudice because,
even accepting the statements in § III of Plaintiff's Complaint
as true for screening purposes only (""I was set on the floor
for one month on a block they was [illegible] me and I was under
the bed." (Amended Complaint § III(C)), there was not enough
factual support for the Court to infer that a constitutional
violation had occurred in connection with Plaintiff's
incarceration. Dismissal Opinion at 5.

5.     The Dismissal Order granted Plaintiff leave to amend
the Amended Complaint within 30 days of the date of the

Dismissal Order to plead sufficient facts to support a reasonable inference that a constitutional violation occurred during her confinement, such as: adverse conditions that were caused by specific state actors; adverse conditions that caused Plaintiff to endure genuine privations and hardship over an extended period of time; or adverse conditions that were excessive in relation to their purposes.

6.    On November 23, 2017, Plaintiff submitted a Second Amended Complaint, again asserting claims arising from incarceration at "Camden County Correctional Facility" (Docket Entry 9 ("Second Amended Complaint") at § III(A)), but differing slightly from the Amended Complaint as to conditions of confinement facts and alleged injuries. Plaintiff states in her second amended complaint: "I was forced to sleep on the floor because there was 3 to 4 people in a cell on the cold floor with roaches and for that I have to [illegible] and sleep on the floor. I sleeping on the floor near the toilet were they set were I sleep at. People throw up where my head at." Second Amended Complaint, Docket Entry 9, § III(C). Plaintiff further alleges the "sergeants, LTs and Cos they all knew about this problem." *Id.*  Second Amended Complaint, Docket Entry 9, § III(C).

7.    In accordance with the directives of the PLRA, the Court must now screen the Second Amended Complaint to dismiss

any claim that is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from suit. Pursuant to this mandate of the PLRA, the Court now finds that Plaintiff's November 23, 2016 Second Amended Complaint is insufficient to constitute an amended complaint that survives this Court's review under § 1915.

8. First, Plaintiff still asserts Camden County Correctional Facility as the defendant in her action. As the Court stated in its opinion dismissing claims against this defendant with prejudice, the CCCF is not a "state actor" within the meaning of § 1983. *See, e.g., Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Accordingly, the claims against CCCF must be dismissed with prejudice.

9. Second, like the Amended Complaint, the Second Amended Complaint still does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred as to conditions of confinement.

10. Due process analysis requires courts to consider whether the totality of confinement conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008). Due process protections

"secure the individual from the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice." *Hurtado v. California,* 110 U.S. 516, 527 (1884). "[O]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense,' *Collins v. City of Harker Heights,* 503 U.S. 115, 129 (1992), thereby recognizing the point made by Chief Justice Marshall, that 'it is *a constitution* we are expounding,' *Daniels v. Williams*, 474 U.S. 327, 332 (1985) (quoting *M'Culloch v. Maryland,* 17 U.S. 316 (1819) (emphasis in original))." *City of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

11.  Furthermore, the Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

12.  Accordingly, to demonstrate that purportedly crowded incarceration conditions of a pretrial detainee shock the conscience and thus violate due process rights, more is necessary than that provided by Plaintiff. Thus, the Second Amended Complaint does not cure the pleading defects in the Amended Complaint as to Plaintiff's condition of confinement claims.

13.  Therefore, even liberally construing the Amended Complaint and the Second Amended Complaint as this Court is required to do, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

245 (3d Cir. 2013), Plaintiff has still failed to plead
sufficient facts to support a reasonable inference that a
constitutional violation occurred during her incarceration in
order to survive this Court's review under § 1915.

14.   In light of the opportunity that has already been
afforded to Plaintiff by this Court's November 16, 2016
Dismissal Order to submit a complaint that meets the requisite
pleading standards, and given Plaintiff's inability in the
November 23, 2016 Second Amended Complaint to allege facts
sufficient to survive § 1915 review, the Court concludes that
permitting further amendment would be futile and hereby
dismisses the entirety of all claims in both the Original
Complaint and in the Amended Complaint with prejudice. *See
Hoffenberg v. Bumb*, 446 F. App'x 394, 399 (3d Cir. 2011); *Rhett
v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir.
2008) (affirming dismissal with prejudice after District Court
gave *pro se* plaintiff several opportunities to comply with Rule
8).

15.   For the reasons stated above: (a) the Complaint
remains dismissed with prejudice as to Plaintiff's claims
against the defendants; (b) the Amended Complaint is dismissed
with prejudice as to claims concerning conditions of
confinement, for failure to state a claim; and (c) the Second

Amended Complaint is dismissed with prejudice in its entirety, for failure to state a claim.

16.  An appropriate order follows.


**September 6, 2017**              **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                   U.S. District Judge